IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RASHAD AMIN THOMAS, )
 )
        Petitioner, )
 )
vs. ) Case No. CIV-14-712-R
 )
JUSTIN JONES, ODOC )
DIRECTOR, )
 )
        Respondent. )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the undersigned has examined the petition and recommends that the court dismiss it on filing.

## I.    Background.

In Oklahoma County District Court, Case No. CF-2000-2658, Petitioner pleaded guilty to first-degree murder and possession of a firearm after a juvenile adjudication. Doc. 1, at 1.[1] On June 22, 2001, the state court sentenced Petitioner and he did not appeal. *Id.* at 1-2. Over eleven years later, in December 2012, Petitioner filed an application for post-conviction

---

[1]    The undersigned's citations refer to the court's CM/ECF pagination.

relief. *Id.* at 3. The state district court denied relief, and the state appellate court affirmed in July 2013. *Id.*, & Ex. I at 4.

Petitioner filed the instant action on July 7, 2014. Doc. 1, at 37.[2]

## II. Petitioner's claims.

Petitioner raises seven grounds for relief. In Grounds One through Six, Petitioner attacks his underlying conviction based on: (1) entry of a guilty plea in ignorance of the 85% rule[3] (Ground One); (2) ineffective assistance of trial counsel (Grounds Two and Three); (3) improper sentence enhancement (Ground Four); (4) lack of waiver of Petitioner's right to challenge the prior juvenile adjudications on "page 2" (Ground Five); and (5) improper sentence structure (Ground Six). *Id.* at 5-29. In Ground Seven, Petitioner challenges the state court's alleged error in failing to hold an evidentiary hearing during post-conviction proceedings. *Id.* at 30.

The undersigned finds that Grounds One through Six are time-barred, and Ground Seven is invalid as a matter of law.

---

[2] The court deems the petition filed on the date Petitioner gave it to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007) (citation omitted). Petitioner verifies that date as July 7, 2014. Doc. 1, at 37.

[3] Under Oklahoma law, inmates convicted of certain crimes are not eligible for parole until they have served at least 85% of their sentence. *See* Okla. Stat. tit. 21, § 12.1. This principle is commonly referred to as the 85% rule.

III.   Analysis.

   A.   **Petitioner's claims challenging his underlying conviction – Grounds One through Six.**

In Grounds One through Six, Petitioner challenges his underlying conviction. *Id.* at 5-29. The undersigned finds that these claims are untimely.

   1.   **The starting date for the statute of limitations.**

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act (AEDPA) which establishes, in relevant part, a one-year statute of limitations for federal habeas petitions. *See* 28 U.S.C. § 2244(d)(1); *see also Gibson v. Klinger*, 232 F.3d 799, 803 (10th Cir. 2000) (discussing the AEDPA's enactment date and one-year statute of limitations). In relevant part, that clock begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The state district court sentenced Petitioner on June 22, 2001. Doc. 1, at 1. He neither moved to withdraw his plea nor appealed his conviction. His conviction became final ten days later, or on July 2, 2001. *See Fleming*, 481 F.3d at 1255 (stating that a conviction became final ten days after an Oklahoma defendant's entry of a guilty plea in the absence of a timely motion for withdrawal or direct appeal). So, absent tolling, Petitioner's statute of

limitations expired one year later, on July 3, 2002. *See United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (adopting the "anniversary method" wherein "'the day of the act . . . from which the designated period of time begins to run shall not be included'" (citation omitted)).

### 2. Statutory tolling.

Statutory tolling is available only when, during the one-year limitations period, a petitioner properly files a petition for collateral review in state district court. *See* 28 U.S.C. § 2244(d)(2). As noted above, Petitioner did not file his application for post-conviction relief until December 2012, well over ten years after his statute of limitations had already expired. So, Petitioner's application for post-conviction relief did not statutorily toll his limitations period. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("Fisher's petitions cannot be tolled for time spent in state post conviction proceedings because his applications for post conviction relief were not filed until [his limitations period had already expired].").

### 3. Equitable tolling.

In appropriate circumstances, the limitations period may also be tolled for equitable reasons. *See Holland v. Florida*, 560 U.S. 631, 644 (2010). However, equitable tolling would be available only if an extraordinary circumstance stood in Petitioner's way and prevented timely filing. *See id.* at 648; *Gibson*, 232 F.3d at 808 (holding that equitable tolling is available only

4

in "'rare and exceptional circumstances.'") (citation omitted). Examples of when equitable tolling may be appropriate include: (1) actual innocence; (2) "an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing"; or (3) when a prisoner has actively pursued judicial remedies but filed a defective pleading during the statutory time period. *Gibson*, 232 F.3d at 808. And, to warrant equitable tolling, "a petitioner must diligently pursue his federal habeas claims . . . ." *Id.* It is Petitioner's burden to prove entitlement to equitable tolling. *See Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998).

The undersigned liberally interprets Petitioner's pleadings as urging equitable tolling based on: (1) ignorance of the law, and (2) his attorney's failure to file a direct appeal. Doc. 1, at 5-28. Petitioner additionally seeks tolling based on alleged misconduct in post-conviction proceedings. *Id.* at 34-35. The undersigned finds no evidence of extraordinary circumstances or diligence.

### a. Lack of extraordinary circumstances.

The undersigned first finds that Petitioner has not carried his burden of showing that extraordinary circumstances prevented him from timely filing his habeas petition.

### i. Ignorance of the law.

Throughout Grounds One through Six, Petitioner asserts his ignorance of one thing or another. *Id.* at 5-28. However, "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing [of a petition for writ of habeas corpus].'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted). So, the undersigned finds no grounds for equitable tolling based on Petitioner's alleged ignorance.

### ii. The attorney's failure to file an appeal.

Petitioner also argues that his attorney abandoned him after the guilty plea and did not discuss appeal opportunities with him. Doc. 1, at 20-22. Attorney abandonment, if true, can "suffice to establish extraordinary circumstances beyond [a petitioner's] control." *Maples v. Thomas*, __ U.S. __, 132 S. Ct. 912, 915 (2012) (citation omitted). However, Petitioner's attorney allegedly abandoned him thirteen years ago. As discussed below, Petitioner has failed to show any diligence in pursuing his habeas claims, and under such circumstances, the undersigned cannot logically find that the attorney's alleged abandonment was an extraordinary circumstance which prevented Petitioner from filing a habeas petition before July 3, 2002. *See Elledge v. Attorney Gen. of State of Okla.*, 475 F. App'x 285, 288 (10th Cir. 2012) (rejecting petitioner's bid for equitable tolling because even if petitioner had

told attorney that he wished to appeal, and attorney failed to pursue the appeal, petitioner "ha[d] not explained how his attorney's conduct caused such a significant delay in filing his § 2254 petition").

### b. Lack of diligence.

The undersigned also finds that Petitioner has not diligently pursued his claims.

As illustrated above, Petitioner waited until December 2012 – well over ten years after his statute of limitations expired – to file his application for post-conviction relief. Then, after the state appellate court affirmed the district court's denial of post-conviction relief, Petitioner waited another year – from July 2013 to July 2014 – to file his habeas petition. In all, it took Petitioner twelve years *after* his statute of limitations expired to file his federal habeas petition. So, it is clear to the undersigned that Petitioner has not diligently pursued his claims for purposes of equitable tolling.

### 4. Summary.

Petitioner's statute of limitations expired on July 3, 2002, and he is not entitled to statutory or equitable tolling. Because Petitioner did not file the instant petition until July 7, 2014 – over twelve years out of time – the undersigned recommends that the court dismiss Petitioner's challenges to his underlying conviction in Grounds One through Six.

7

### B. Petitioner's claim involving the state court's alleged error in post-conviction proceedings – Ground Seven.

As noted above, Petitioner seeks federal habeas relief because during post-conviction proceedings the state court refused to grant him an evidentiary hearing. Doc. 1, at 30. The undersigned finds that this claim does not entitle Petitioner to federal habeas relief.

It has long been established that "no constitutional provision requires a state to grant post-conviction review." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987)). Thus, Petitioner's claim, which focuses "only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, . . . states no cognizable federal habeas claim." *Id.* (citations omitted). The undersigned therefore recommends that the court dismiss this claim as meritless. *See Lopez v. Trani*, 628 F.3d 1228, 1229 (10th Cir. 2010) ("Our precedent makes clear that the district court did not err in dismissing claims that related only alleged errors in the post-conviction proceedings." (citing *Sellers*, 135 F.3d at 1339)).

### IV. Recommendation and notice of right to object.

For the foregoing reasons, the undersigned finds that Petitioner's claims challenging his conviction – Grounds One through Six – are untimely. Further, Petitioner's Ground Seven, relating to the state district court's

alleged refusal to grant him an evidentiary hearing during post-conviction proceedings, is meritless. The court should therefore dismiss the petition.

The court advises Petitioner of his right to file an objection to this report and recommendation with the Clerk of this Court by September 16, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The court further advises Petitioner that failure to timely object to this report and recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Finally, this recommendation serves as Petitioner's opportunity to further address any arguments related to the statute of limitations issue. *See Smith v. Dorsey*, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (unpublished op.) (noting no concerns with magistrate judge raising an issue sua sponte where petitioner could address the matter in an objection to the report and recommendation).

The Clerk of the Court is instructed to electronically forward a copy of this report and recommendation to the Oklahoma Attorney General on behalf of Respondent at the following address: fhc.docket@oag.state.ok.us.

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 27th day of August, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE