# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RASHAD AMIN THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-712-R |
| | ) | |
| ROBERT PATTON, ODOC DIRECTOR,[1] | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Petitioner filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions following guilty plea in the District Court of Oklahoma County. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review. On August 27, 2014, Judge Mitchell issued a Report and Recommendation wherein she recommended the petition be dismissed as untimely with regard to all claims cognizable on habeas review, and that ground 7 be dismissed because Petitioner lacks a constitutional right to an evidentiary hearing in state post-conviction proceedings. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to conduct a *de novo* review of those portions of the Report and Recommendation with which he takes issue.

Judge Mitchell correctly recognized that Petitioner's conviction from the District

---

[1] The Court hereby substitutes Robert Patton as Respondent, having been named Director of the Department of Corrections on January 17, 2014, and because Respondent is clearly named in his representative capacity. *See* Fed.R.Civ.P. 25(d).

Court of Oklahoma County became final July 2, 2001, and that he was not entitled to statutory tolling of the one-year statute of limitations period set forth in 28 U.S.C. § 2244(d)(1). She reviewed the materials submitted by Petitioner in support of his application for habeas corpus relief and further concluded that he was not entitled to equitable tolling, because he failed to establish that he acted diligently with regard to seeking relief in light of the thirteen year delay between the finality of his conviction and the July 7, 2014 filing of the instant action. In his objection Petitioner argues that he has established his entitlement to equitable tolling because he has been pursuing his rights diligently, and some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649–650, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Although Petitioner contends he was abandoned by counsel, who failed to seek to withdraw his plea or to provide him with any advice or communication following his sentence, and because during the first ten years of his incarceration he was housed in a facility with limited access to legal materials, he fails to present any facts to support the theory that he acted diligently. The allegations regarding counsel and the lack of access are insufficient to entitle Petitioner to equitable tolling. *See Parker v. Jones*, 260 Fed. Appx. 81, 85 (10th Cir.2008) (holding that lack of access to law library during lockdown was insufficient to support equitable tolling, absent a specific showing regarding steps taken to diligently pursue habeas claims); *Holmes v. Jones,* No. Civ–09–512, 2009 WL 5216907, at * *5–7 (W.D.Okla. Dec. 29, 2009) ("To show that such a lack of library access posed an impediment, Petitioner must specifically show the steps he

has taken to pursue his claims."). The Court is unable to conclude that Petitioner has acted with diligence in pursuing his claims despite his submissions to this Court, as it was more than ten years after Petitioner's conviction became final before he made any attempt to seek post-conviction relief in state court.[2] Petitioner has submitted no evidence that during that time he sought to determine the status of his case by contacting the state court or his prior counsel, or that he in any manner sought to asserts his rights. Absent any such evidence, that Court cannot conclude that Petitioner is entitled to equitable tolling, and the Report and Recommendation is therefore ADOPTED IN ITS ENTIRETY and the petition dismissed.

The instant petition is therefore DISMISSED as untimely.

IT IS SO ORDERED this 18th day of September, 2014.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner contends he was finally granted access to law library facilities in April 2010, still more than two years before he filed any application for post-conviction relief in state court. Therefore, even if the Court assumed that Petitioner's tenure at Granite equitably tolled the statute of limitations period, he nevertheless would not have complied with the one year statute of limitations period. During his time at Granite, the first ten years of his incarceration, he contends he was not permitted to access the library because he had no court-imposed deadlines pending. He does not indicate any other measures he took to pursue his claims during that period.